## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, ALF-CIO, LOCAL 188 PENSION FUND, *et al.*, | CASE NO.: 4:22-cv-270 |
| Plaintiffs, | |
| v. | |
| THE MECHANICAL SHOP, INC., | |
| Defendant. | |

## ORDER SETTING SETTLEMENT CONFERENCE

Following a May 16, 2023 status conference, doc. 24 (Minute Entry), the Court granted the parties' joint request for a Court-directed mediation.  Doc. 25 at 1.  It is **ORDERED** that this case is set for a settlement conference before the undersigned on June 13, 2023 at 9:00 AM.  The settlement conference will be conducted in-person at the temporary United States Courthouse at 8 Southern Oaks Ct., Savannah, GA 31405.  Unless otherwise noted, the parties are **DIRECTED** to

comply with the following procedures in preparation for the settlement conference.   <u>Counsel are advised to review this order carefully.</u> **<u>FAILURE TO COMPLY WITH THESE PROCEDURES IN A TIMELY MANNER WILL RESULT IN CANCELLATION OF THE CONFERENCE.</u>**

### PARTIES' EXCHANGE OF DEMAND AND OFFER

Plaintiffs' counsel shall make a written settlement demand to defendant with a brief explanation of why such a settlement is appropriate no later than May 26, 2023. When plaintiffs' counsel submits the demand to defendant, plaintiffs' counsel shall also email the demand to the undersigned's Courtroom Deputy Clerk at molly_davenport@gas.uscourts.gov.

Defendant's counsel shall submit a written offer to plaintiffs' counsel with a brief explanation of why such a settlement is appropriate no later than June 1, 2023. When defendant's counsel submits the offer to plaintiffs, defendant shall also email the offer to the undersigned's Courtroom Deputy Clerk at molly_davenport@gas.uscourts.gov.

On occasion, this process will lead directly to a settlement. If so, the parties must file a notice of settlement and identify the anticipated

timeline in which the case will be fully resolved and dismissed. This notice must be filed no later than 24 hours before the settlement conference is scheduled to begin.

After review of these submissions, the Court reserves the right to cancel the mediation where settlement appears unlikely. However, as an alternative to immediate cancellation, the Court may require the parties to submit to the Court a realistic assessment of the possibility of settlement and certify their agreement thereto. If the Court requires such a certification, it will consider that filing in determining whether the parties are prepared to mediate—and indeed do mediate—in good faith. If, at **any** point during the process, the Court determines that one or both parties' conduct evidences a lack of good faith, the Court will assess sanctions in accordance with S.D. Ga. L.R. 16.7.6(g).

## CONFIDENTIAL PARTY SUBMISSIONS

If settlement is not achieved as a result of the process described above, each party shall email a **confidential, _ex parte_**[1] letter to the

---

[1] As these letters are **confidential** they **should neither be served on opposing parties nor filed on the docket**.

Courtroom Deputy Clerk at molly_davenport@gas.uscourts.gov no later than June 6, 2023.  The letters should include:

1)  the history of any settlement negotiations to date and each party's general settlement posture;

2)  the facts you believe you can prove at trial;

3)  a candid discussion of both the strengths and weaknesses of each side of the case;

4)  a description of any liability disputes;

5)  a representation as to whether discovery has been completed and, if not, what discovery remains;

6)  the identification of any outstanding motions which could have an effect on settlement;

7)  an evaluation of the maximum and minimum damage awards you believe likely;

8)  whether there are any non-monetary compensation arrangements which the parties require (e.g., confidentiality statements);

9)  an estimate of the attorneys' fees and costs both to date and through trial; and

10)  an estimate of how much time the Court should set aside for the settlement conference.

The letters should be written with candor.  The letters should be no more than five pages single-spaced and may contain no more than ten additional pages of exhibits.  Contemporaneously with the emailing of the letters, counsel for each party shall also complete and email to the

Courtroom Deputy Clerk the undersigned's Settlement Conference Worksheet which is attached to this Order.  If any party believes that additional individuals or entities who are currently not parties to the case are necessary participants in any mediation (e.g., third party lien holders), they are directed to indicate so on the Worksheet in the Additional Comments section.

## PRE-SETTLEMENT CONFERENCE CALL

The Court will schedule a brief administrative phone or video conference call with all counsel prior to the settlement conference.  In addition to any additional information the parties may wish to share concerning the status of the case, this conference will also serve as an opportunity to finalize any outstanding details such as the format of the conference.

## PREPARATION FOR THE SETTLEMENT CONFERENCE[2]

Prior to the settlement conference, counsel shall provide a copy to, and discuss this Order with, their clients and any other person who will

---

[2] The Court expects the parties to address each other with courtesy and respect. Parties are encouraged to be frank and open in their discussions.  As a result, (unless otherwise agreed upon) statements made by any party during the settlement conference are not to be used in discovery and will not be admissible at trial.

attend the settlement conference.  **All** participants should be prepared to answer the following questions at the settlement conference:

1) What are your goals in this litigation and what problems would you like to address in the settlement conference? What do you understand the opposing side's goals to be?

2) What issues need to be resolved?

3) What are the strengths and weaknesses of your case?

4) What are the points of agreement and disagreement between the parties? Factual? Legal?

5) What are the impediments to settlement? Financial? Legal?

6) Are there possibilities for a creative resolution of the dispute?

7) Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

## ATTENDANCE OF PARTIES AND INSURERS REQUIRED

**The Court requires that parties and all individuals necessary to accomplish full and complete settlement personally attend the settlement conference.  This may include a representative of an insurance company.  In either circumstance, an individual with full settlement authority must be present <u>in person</u>.**  An uninsured corporate party shall appear by a representative

authorized to negotiate, and who has full authority to settle the matter. Having a client or insurance representative with authority available only by telephone is not an acceptable alternative, except under the most extraordinary of circumstances and where prior approval of the Court is granted.

## CONFERENCE FORMAT

The Court will generally employ a format similar to private mediation: to wit, a joint session with opening remarks by the Court to be followed by a brief (i.e., no more than 10 minute) presentation by each party and then separate caucuses with each party. To the extent the parties feel that a different format would be more helpful (e.g., dispensing with opening statements or separate caucuses), they should plan to discuss that issue at the Pre-Settlement Conference Call. The Court expects both the lawyers and the party representatives to be fully prepared to participate at the mediation session. The Court encourages all parties to keep an open mind in order to re-assess their

previous positions and discover creative means for resolving the dispute.

The Court stayed all deadlines in this case pending the mediation.  Doc. 25 at 1.  The parties are reminded of their obligation to confer and jointly file a renewed Rule 26(f) Report within 14 days of the mediation's conclusion if they do not reach a settlement at the mediation.  *Id.* at 1-2.

**SO ORDERED** this 18th day of May, 2023.


Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia

# SETTLEMENT CONFERENCE WORKSHEET
## MAGISTRATE JUDGE CHRISTOPHER L. RAY

United States District Court – Southern District of Georgia
8 Southern Oaks Ct.
Savannah, GA 31405

Molly Davenport, Courtroom Deputy
Office: (912-650-4035)
e-mail: molly_davenport@gas.uscourts.gov

I.    Date of Settlement Conference:

II.    Parties Attending

    a.  Plaintiff

        i.  Counsel: _____

        ii.  Client Representative: _____

        Authority to settle?    Yes  ☐      No    ☐

        iii.  Additional Attendees: _____

        Authority to settle?    Yes  ☐      No    ☐

        iv.  Do the parties request that anyone be permitted to attend via telephone? If so who and why? Such a request will only be granted upon a substantial showing of good cause. Mere convenience shall not be an adequate basis.

_____
_____
_____
_____

b.  Defendant:

    i.   Counsel: _____

    ii.   Client Representative: _____

          Authority to settle?    Yes  ☐     No  ☐

    iii.   Additional Attendees: _____

          Authority to settle?    Yes  ☐     No  ☐

    iv.   Do the parties request that anyone be permitted to attend via telephone? If so who and why? Such a request will only be granted upon a substantial showing of good cause. Mere convenience shall not be an adequate basis.

          _____
          _____
          _____
          _____

III.   Additional Comments:

_____
_____
_____
_____
_____